LAW LIBRARY

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2014 JAN -7 A 10: 39

CLERK OF COURT

BY:_____

PEOPLE OF GUAM,

vs.

ZARACKAI PHILLIPE PATRICK,

Defendant.

) Criminal Case No. CF0546-12
)
)
)
)
) DECISION AND ORDER: Defendant's
) Motion to Present Certain Evidence of Past
) Sexual Conduct
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on October 14, 2013, for a hearing on the Defendant Zarackai Patrick's Motion to Present Certain Evidence of Past Sexual Conduct. The People of Guam (the People) were represented by Assistant Attorney General Lisa Lorig. Alternate Public Defender Ana Maria Gayle represented Defendant. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING the Defendant's motion.

## BACKGROUND

Defendant was indicted by a Superior Court of Guam Grand Jury on September 26, 2012. The indictment charges the following: (1) three counts of First Degree Criminal Sexual Conduct, three counts of Second Degree Criminal Sexual Conduct, and one count of Child Abuse. Indictment (Sept. 26, 2012). On October 10, 2012, Defendant appeared for arraignment and pled not guilty. Super. Ct. of Guam Minute Entry Log No. 15133 (Oct. 10, 2012).



ORIGINAL

The Defendant subsequently provided notice and moved to present evidence of the victim's past sexual conduct. Notice of Motion; Motion to Present Certain Evidence of Past Sexual Conduct (Oct. 4, 2013). On October 9, 2013, The People filed a response objecting to the introduction of such evidence. People's Response to Defendant's Motion to Present Certain Evidence of Past Sexual Conduct (Oct. 9 2013). The Court heard oral arguments on October 14, 2013.

## DISCUSSION

The Defendant moves for this Court to allow him to "introduce certain evidence of past sexual conduct of the victim... under §412 (b) of Title 6, Guam Code Annotated". Notice of Motion; Motion to Present Certain Evidence of Past Sexual Conduct (Oct. 4, 2013) at 2. Specifically, Defendant seeks admission of two forensic examination findings revealing redness and lacerations of the victim's vaginal area in order to show that the injury was caused by another person. *Id.* at 2, 3. Defendant contends that, because he was incarcerated during the time the injuries occurred, he could not have been responsible for causing them. *Id.* at 3.

The People oppose to the introduction of the victim's prior sexual conduct on the grounds that "[t]he hymen tear and laceration don't relate to either Defendant or actions alleged", rendering them irrelevant. People's Response to Defendant's Motion to Present Certain Evidence of Past Sexual Conduct (Oct. 9 2013) at 2. The People state their contention, that the alleged conduct of the Defendant (cunnilingus and digital penetration) could not have caused the victim's injuries, is supported by Forensic Nurse Ann Rios, who performed the forensic examinations on the victim. *Id.* at 2, 3. Additionally, the People claim that such disclosure would "confuse the jury, unfairly prejudice Victim by disclosing possible sexual history, or both, in violation of GRE 403." *Id.* at 4. The Court agrees.

<u>Evidence Rule 412</u>

Rule 412 of the Guam Rules of Evidence states that evidence relating to an alleged victim's prior sexual behavior is generally inadmissible in a criminal proceeding involving alleged sexual misconduct. 6 G.C.A. §412 (a). This rule is based on Rule 412 of the Federal Rules of Evidence and "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process". Fed. R. Evid. 412, <u>Advisory Committee Notes</u>, 1994 Amendments (West); *United States v. Torres*, 937 F.2d 1469, 1472-73 (9th Cir. 1991) (citing 124 Cong.Rec.H. 11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann)) (the purpose of the rule is "to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives").

There are a limited number of exceptions to the general presumption of inadmissibility. Of relevance to the present motion, evidence of specific instances of sexual behavior by the alleged victim may be offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence. 6 G.C.A. §412 (b) (1) (A).   Here, Defendant seeks to introduce evidence of the victim's sexual conduct with Taylor Rosario to prove that he was the cause of an injury. Nonetheless, the exception is not applicable. As the federal rule explains, the §412 (b) exception is limited to instances "[w]here the prosecution has directly or indirectly asserted that the physical evidence originated with the accused". Fed. R. Evid. 412, <u>Advisory Committee Notes</u>, 1994 Amendments (West); *see also United States v. Eagle Thunder*, 893 F.2d 950, 954 (8th Cir. 1990) (412(b)(2)(A) allows "evidence of specific instances of an alleged victim's past sexual behavior ... if offered 'upon the issue of whether the accused was or was not ... the source of the ... injury.' " (internal citation omitted). In this case, the prosecution is not

asserting that the Defendant was the source of injury. On the contrary, the Government explicitly admits that the injury in question, medically speaking, could not have been caused by the alleged conduct and occurred at a time the Defendant was incarcerated. *See* People's Response, at 2-4. At oral argument, the People reaffirmed this admission by agreeing to stipulate that the Defendant was not the cause of victim's vaginal injury. Motion Hearing, CF546-12 (Oct. 14, 2013) at 11:58:35 AM. As both parties agree that Defendant did not cause the victim's injuries, the victim's conduct does not fall within the physical injury exception and is governed by the general rule shielding victim's sexual history from disclosure. *See United States v. Azure,* 845 F.2d 1503, 1505 (8th Cir.1988) (evidence concerning unrelated previous injury was not admissible under rule 412).

Relevance and Prejudice

The Court is similarly persuaded by the People's alternate arguments for exclusion. Assuming *arguendo* that a §412 (b) exception is applicable, "evidence offered for the specific purpose identified in this subdivision may still be excluded if it does not satisfy Rules 401 or 403." Fed. R. Evid. §412, Advisory Committee Notes (citing *Azure,* 845 F.2d at 1505-06); 6 G.C.A. §412 (b) (1) (limiting exceptions to evidence "otherwise admissible under these rules"). Thus, evidence which is irrelevant or unduly prejudicial is barred even if its subject matter falls within an exception to rule 412. *Id. see also Quinn v. Haynes,* 234 F.3d 837, 846 (4th Cir. 2000).

Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". 6 G.C.A. §401. Evidence which is not relevant is not admissible. 6 G.C.A. §402. Further, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice" or "confusion of the issues".

6 G.C.A. §403. The forensic examination findings offered by Defendant are both irrelevant and unjustifiably prejudicial. As explained, the injury suffered by the victim is not indicative of the conduct alleged and occurred at a different time from the alleged crime. Thus, it does not have a tendency to make the determination of consequential facts in the case more or less probable. Because it is irrelevant, such evidence serves no probative value to the determination of pertinent facts or conclusions. Accordingly, its introduction would serve only to prejudice the victim by attacking her sexual character in a manner explicitly prohibited by §412. Additionally, the location and sexual source of the injury is likely to cause unnecessary jury confusion regarding the unrelated criminal allegation of a similar subject matter. As such, the balancing test of rule 403 weighs strongly in favor of exclusion and §402 requires it.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIESS the Defendant's Motion to Present Certain Evidence of Past Sexual Conduct.

**SO ORDERED** this ___7___ day of <u>JANUARY</u>, 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
_____ of:

AG/APD

JAN 7 2014 Time: 1040 am

Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

JAN 2014